Jeremy Rogers (Utah Bar No. 09731)
Attorney for Plaintiffs
5416 South 550 East
Murray, Utah 84107
Telephone: 801-550-5097
Fax: 801-905-3051
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL D. BLACKHAM AND MELISSA L. BLACKHAM,<br><br>Plaintiffs,<br>vs.<br><br>BANK OF AMERICA F/K/A COUNTRYWIDE BANK, MORTGAGE ELCTRONIC REGISTRATION SYSTEMS,<br><br>Defendants, | **COMPLAINT**<br><br>(JURY DEMAND)<br><br><br>Case: 2:10cv00499<br>Assigned To : Campbell, Tena<br>Assign. Date : 5/28/2010<br>Description: Blackham v. Bank of America et al. |

Plaintiffs, Michael D. Blackham and Melissa L. Blackham, by and through counsel, Jeremy Rogers complains of defendants, and for cause of action alleges as follows:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiffs Michael Blackham and Melissa L. Blackham are actual citizens of Utah, whose address is 5150 South 2050 East, Holladay, Utah 84117.

2. Defendant first position lender Bank of America f/k/a Countrywide Bank is a Delaware corporation, with its principle place of business in North Carolina.

1

3. Defendant first position Beneficiary under the Deed of Trust is Mortgage Electronic Registration Systems, (hereinafter "MERS").

4. Defendant MERS is a Delaware corporation registered to do business in the State of Utah, but without a registered agent in the domicile of the State of Utah. MERS principle place of business is Virginia and its corporate offices located at 1818 Library Street, Suite 300, Reston, Virginia 20190, and at all time relevant herein was doing business in the State of Utah.

5. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. The court has jurisdiction of this action pursuant to 28 USC §2201, §78B-6-401 et seq. (declaratory judgment) and §78B-6-1301 et seq. (quiet title), Utah Code Ann. 1953., and 28 USC §1332 (a). This court also has, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Central Division of the United States Court for the District of Utah, pursuant to 28 U.S.C. § 1391(c).

## BACKGROUND FACTS

8. Plaintiffs are the owners of the property located at 5150 South 2050 East, Holladay, Utah 84117 in Salt Lake County (hereinafter "the subject property"), under a deed thereto made and recorded on October 18, 2006, Entry # 9880673, in the Salt Lake County Recorder's Office, a copy of which is attached hereto as Exhibit "A."

9. On or about October 12, 2006, Plaintiffs executed a Promissory Note (hereinafter "the first position Note") in favor of first position Lender Bank of America f/k/a Countrywide Bank (hereinafter "lender"). On information and belief the original of said Note was then retained by lender.

10. On or about October 12, 2006, Plaintiffs made and delivered the Deed of Trust (hereinafter "the first position Trust Deed"), conveying the subject property in trust for the purposes recited therein to lender.

11. The first position Deed of Trust names Mortgage Electronic Registration Systems, Inc, (hereafter "MERS") as beneficiary solely as a nominee for the lender, lender's successors and or assigns, as well as any successors and assigns of MERS.

12. MERS is solely a private corporation that administers the MERS system, which is a National electronic registration system that tracks transfers of ownership interests and servicing rights for mortgage loans. Through this National registration system MERS purports to become the mortgagee of record, on behalf of the Lender whom participates in the MERS registration system. This is purported to be accomplished by the assignment of a lender member's interests to MERS. At which point MERS is named as the grantee of record with the County recorder's office. The lender members retain the promissory Note, as well as the serving rights to the mortgage loans. The Lender then sells their interests to investors.

13. The First Trust Deed recites that the beneficiary of the security interest is MERS *("solely as nominee for Lender and Lender's successors and assigns")* as well as the successors and assigns for MERS. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

14. A Servicer was designated for each respective loan ("Servicer") to act as the representative/agent for the holders of the respective Note and the corresponding Trust Deed.

15. In February of 2009, Plaintiffs phoned Defendant Bank requesting lower mortgage payments.

16. In August of 2009, Plaintiffs phoned Defendant Bank requesting lower mortgage payment. Defendant informed Plaintiffs that a loan modification would require Plaintiffs being in arrears with the mortgage payment.

17. In November 2009, Plaintiffs, in accordance with Defendant Bank's instructions, did not make a mortgage payment.

18. Between November 2009 and February 2010, Plaintiffs tried initiating paperwork for a loan modification.

19. In February 2009, Plaintiffs submitted loan modification paperwork to Defendant bank. Defendant bank repeatedly told Plaintiffs that the loan modification would be approved and their account brought current.

20. On or about February 9, 2010, successor Trustee Recontrust Company, N.A., hereinafter Recontrust, purporting to act for the first position successor Beneficiary, defendant MERS, served the Notice of Default and Election to Sell the subject property, attached hereto as Exhibit "B."

21. In 2010, shortly after the notice of default was served, Plaintiffs were informed that an investor bank had purchased their loan and would not approve a loan modification.

22. Upon information and belief, the first position lender Bank of America f/k/a Countrywide Bank was provided a line of credit by undisclosed warehouse Lender, pending pooling of the

first position Note (hereinafter "Note") with other such instruments, and sale of the pooled instruments as securities to unknown investors.

23. Upon information and belief, the Lender has been reimbursed all sums advanced by each of them in connection with their respective Note.

24. Upon information and belief, the Lender's function was limited to obtaining their respective Note, in exchange for a fee, as a preliminary step to "securitization" of the obligations under said Note as described herein.

25. Upon information and belief, the obligations on the Note were pooled and sold by Lender and/or a person or persons unknown as securities to numerous investors unknown.

26. Upon information and belief, such investors and/or the person or persons unknown who sold such securities have obtained insurance against default on the underlying obligations in the form of "credit default swaps" or other similar instruments.

27. Notwithstanding the transfer of the obligations under said Note as herein described, no transferee thereof has recorded a copy of any security agreement providing any security interest in either the first position Trust Deed (hereinafter "Trust Deed") or any appropriate affidavits, pursuant to Section §70A-9a-607(2), Utah Code Ann. 1953, in order to perfect any right of enforcement under §70A-9a-607(1), Utah Code Ann. 1953.

28. As a result of the transfer of the Note as part of these securities transactions, and of the lack of such recordings, Lender and defendants are not the present holders of the respective Note or the obligees thereon, and Plaintiffs, and, upon information and belief, defendants, do not know who is or are the present holders of the respective Note, or the obligees thereon. Plaintiffs having a right under the Note and federal law to do so, demanded of Servicers, who purport to have a relationship in the nature of agency with persons to whom the Note and/or Trust Deed may be

assigned, and/or persons in fiduciary relationships to such assignees, all information and records showing transfer of such Note to any person or persons, for the purposes, among others, of determining the proper person(s) to receive payments under the Note, or to negotiate payment or reinstatement of the obligations, or to obtain acknowledgment of proper application of payments. No information was provided.

## FIRST CAUSE OF ACTION: ESTOPPEL/DECLARATORY JUDGMENT

29. Plaintiffs incorporate herein by reference paragraphs 1-89 hereinabove.

30. The Servicer of the respective Note purport in the respective Trust Deed to have a relationship in the nature of agency with persons to whom the Note and/or Trust Deed may be assigned, and/or persons in fiduciary relationships to such assignees.

31. By permitting the respective Servicer to so represent their respective capacities, the first defendant Beneficiaries (hereinafter "defendant Beneficiaries") and any respective assignees have conferred upon each respective Servicer the right and obligation to disclose and assert the interests of such assignees as necessary to protect such interests.

32. The refusal of the Servicers, upon demand, to disclose such interests is binding upon their respective assignees.

33. The result of such behavior by Servicers, defendant Beneficiaries, and such assignees, is to subject borrowers and their successors in title, to risks, abuses, and prejudice, and to render impossible proper discharge of the obligations on the Note.

34. As a result of such behavior, defendant Beneficiaries, and such assignees, including those served by publication herein, are estopped to assert any present default on the Note, or power of sale under the Trust Deed.

35. An actual controversy exists between Plaintiffs and defendants regarding the amenability of the subject property to sale by defendants, which may be resolved by the Court pursuant to 28 USC §2201, §78B-6-401, et seq., Utah Code Ann. 1953 (Supp. 2008).

36. The Court should appropriately advance this matter on the calendar as provided by Rule 57, F.R.C.P., and promptly enter its Order declaring that defendants, including unnamed defendants who have asserted no assignment of the Trust Deed, lack any interest under the Trust Deed which may be enforced by lien upon or sale of the subject property.

**SECOND CAUSE OF ACTION: VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

37. Plaintiffs incorporate herein by reference paragraphs 1-36 hereinabove.

38. As mortgage Lender, Defendants are subject to the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC sec. 2601 et seq.

39. In violation of 12 USC sec. 2607 and in connection with the mortgage loan to Plaintiffs, Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed.

40. As a result of the Defendants' violations of RESPA, Defendants are liable to Plaintiffs in an amount equal to three (3) times the amount of charges paid by Plaintiffs for "settlement services" pursuant to 12 USC sec. 2607 (d)(2).

**THIRD CASUE OF ACTION: VIOLATIONS OF FEDERAL TRUTH-IN-LENDING ACT**

41. Plaintiffs incorporate herein by reference paragraphs 1-40 hereinabove.

42. Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiffs incident to the extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 USC sec. 1605 and Regulation Z. sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC

sec. 1601 et seq., Regulation Z sec. 226.18(d). Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note.

43. By calculating the annual percentage rate ("APR") based upon improperly calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(c), 18(d), and 22.

44. Defendants' failure to provide the required disclosures provides Plaintiffs with the right to rescind the transaction, and Plaintiffs, through this public Complaint which is intended to be construed, for purposes of this claim, as a formal Notice of Rescission, hereby elect to rescind the transaction.

## FOURTH CAUSE OF ACTION: QUIET TITLE

45. Plaintiffs incorporate herein by reference paragraphs 1-44 hereinabove.

46. The transfer of the Note as part of securities, subjects Plaintiffs to potential multiple and unpredictable recoveries or attempts to recover, against the subject property.

47. The failure of Beneficiaries and Trustee to retain any interest in the obligations under the Note voided any title or power they might have under the Trust Deed, and rendered the Trust Deed unenforceable by them.

48. The inability of Plaintiffs to safely discharge any lien of the Trust Deed against the subject property in favor of assignees of interests in the Note and Trust Deed, and the threat of multiple recoveries or attempts to recover against the subject property constitute a cloud on Plaintiff's title which can only be removed by requiring all such assignees to appear and assert their interests and the extent to which any obligation owing to them has not been discharged by

payment, including collections on insurance against default, or, failing such assertion of claims, entry of a decree of quiet title freeing the subject property from the lien of such obligations.

49. The Court, pursuant to §78B-6-1301 et seq., Utah Code Ann (1953) (Supp. 2008), should enter its Order herein forthwith quieting title to the subject property in Plaintiffs and against Defendants, including all those served by publication, freeing title to the subject property of the lien of the Trust Deed and leaving any obligations under the Note unsecured by any interest in the subject property.

### FIFTH CAUSE OF ACTION: REFUND, FEES AND COSTS

50. Plaintiffs incorporate herein by reference paragraphs 1-49 hereinabove.

51. The Trust Deed has been unenforceable by defendant Beneficiaries and Trustee from the first transfer of the Note as set out hereinabove.

52. Defendant Beneficiaries' assertions to the Court herein that it holds and is entitled to enforce the obligations of the Note would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under §78-5-825, U.C.A. (1953).

53. The Court should enter its Order herein forthwith to Defendant Beneficiaries, jointly and severally, to pay to Plaintiffs its fees and costs, together with a reasonable attorney's fee, to be shown by affidavit, and to reimburse to Plaintiffs unnecessary fees and charges under the Note and Trust Deed.

### SIXTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

54. Plaintiffs reaffirm and reallege paragraphs 1-53 above as set forth more fully hereinbelow.

55. Defendants, by their actions in contraction to provide mortgage loan services and a loan program to Plaintiffs which was not only to be best suited to the Plaintiffs given their income and

expenses but by which Plaintiffs would also be able to satisfy their obligations without risk of losing their home, were "fiduciaries" in which Plaintiffs reposed trust and confidence, especially given that Plaintiffs were not and are not investment bankers, secerities dealers or mortgage lenders.

56. Defendant Bank of America f/k/a Countrywide Home Loans communicated that Plaintiffs would receive a loan modification only if they were delinquent in mortgage payments. Thereby, inducing Plaintiffs to miss mortgage payments starting in November 2009.

57. Defendants breached their fiduciary duties to the Plaintiffs by inducing Plaintiffs to enter into a mortgage transaction which was contrary to the Plaintiffs' stated intentions; contrary to the Plaintiffs' interests; and contrary to the Plaintiffs' preservation of their home.

58. As a direct and proximate result of the Defendants' breaches of their fiduciary duties, Plaintiffs have suffered damages.

59. Under the totality of the circumstances, the Defendants' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiffs, justifying an award of actual compensatory damages and exemplary punitive damages to serve as a deterrent of the future conduct of the named Defendants herein and, also, to other persons or entities with similar business practices.

Wherefore, Plaintiffs prays that the court enter its Order herein:

1. Declaring that the Trust Deed are liens against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in Plaintiffs against defendants and all claiming by, through, or under them, including unnamed defendants served by publication.

2.  Refunding to Plaintiffs from Defendant Beneficiaries, jointly and severally, all fees and charges paid under the Trust Deed, and awarding Plaintiffs its cost of the action, including a reasonable attorney's fee; and

3.  For such other and further relief as the court deems just in the premises.

RESPECTFULLY submitted on March 26, 2010.

_____/s/ Jeremy Rogers_____<br>
Jeremy Rogers, Attorney for Plaintiffs