Michael D. Black (9132)
PARR BROWN GEE & LOVELESS, P.C.
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone:    (801) 532-7840
Facsimile:    (801) 532-7750
Email: mblack@parrbrown.com

*Attorneys for Bank of America and MERS.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL D. BLACKHAM and MELISSA L. BLACKHAM,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>(Oral Argument Requested)<br><br>Case No. 2:10-cv-499<br><br>Judge Tena Campbell |

Defendants Bank of America ("BofA") and Mortgage Electronic Registration Systems, Inc. ("MERS" collectively "Defendants") respectfully submit this memorandum in support of their Motion to Dismiss.

## **INTRODUCTION**

Plaintiffs Michael and Melissa Blackham ("the Blackhams") have brought a multitude of claims, none of which allege anything with specificity and none of which have any merit. Instead, the Blackhams have brought this lawsuit solely for the purpose of harassing Defendants, who are simply trying to collect the loan that the Blackhams received and are not repaying.

The Blackhams' TILA rescission and RESPA claims have no merit and are time-barred. The Blackhams' quiet title and refund claims are based on the faulty notion that the transfer of a note secured by a trust deed renders the trust deed unenforceable, a claim that lacks any legal basis. The Blackhams' "estoppel" claim fails as they do not allege the elements of estoppel or any sufficient factual basis for such a claim. Finally, the Blackhams' breach of fiduciary duty claim fails as Defendants do not have any fiduciary duty to the Blackhams. Each of the Blackhams' claims fail, and the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FACTS AND BACKGROUND

The following "facts" are taken from the Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in this motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. Okla. 1997). These "facts" are only presented for purposes of this motion, and Defendants do not admit them by including them here.

1. On or about October 12, 2006, Plaintiffs Michael and Melissa Blackham ("the Blackhams") signed a Fixed/Adjustable Rate Note in favor of Countrywide Bank, N.A. in the principal amount of $485,000 (the "Note" a copy of which is attached) to acquire a property in Holladay, Utah (the "Property"). [Complaint ¶¶8-9; Note.]

2. On or about October 12, 2006, the Blackhams also signed a Deed of Trust securing the Note (the "Trust Deed," a copy of which is attached) which identified Countrywide Bank, N.A. as Lender, Stewart Matheson as Trustee, and MERS as Beneficiary and as nominee for Lender and its successors and assigns. [Complaint ¶¶10-11; Trust Deed.]

3. At closing, the Blackhams received and signed a Notice of Right to Cancel and a final TILA disclosure (the "NORTC" and the "TILA Disclosure" copies of which are attached). [Referenced in Complaint ¶42].

4. The Blackhams filed the Complaint on or about June 1, 2010.

## ARGUMENT

The Blackhams' claims are numerous, but none of them have merit. When determining whether a complaint states a claim upon which relief can be granted, although the court accepts the truth of all alleged *facts* in the complaint, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted); *see also Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (noting that courts accept well-pleaded facts, not conclusory allegations). However, the Supreme Court has recently held that even where a complaint contains non-conclusory, factual averments, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is *plausible* on its face." *Id*. (emphasis added).

The Blackhams have alleged six causes of action, all of which are generically and nonspecifically pled. The first claim is for "estoppel" apparently based on the conduct of the servicer of the loan, an entity that is not identified and does not appear to be a party. The second claim is a RESPA "anti-kickback" claim. The third claim is a generic TILA rescission claim. The fourth and fifth claims (quiet title and "refund") are both based on the theory that a transfer of the Note voided the Trust Deed. The sixth claim alleges a breach of a fiduciary duty.

None of these claims are viable as a matter of law. The TILA and RESPA claims are time-barred and the rescission claims are unsupportable. The quiet title and "refund" claims lack

any legal basis, as there is no statute or case law that supports the claim that a transfer of a note voids the trust deed. The breach of fiduciary duty claim fails as the Defendants did not owe the Blackhams any fiduciary duty. Finally, the estoppel claim is simply insufficiently alleged and unsupportable. The Blackhams' claims fail as a matter of law and should be dismissed with prejudice.

I. **The Blackhams' TILA Claims are Time Barred and Their Rescission Right Has Expired.**

The Truth in Lending Act ("TILA") contains a one year statute of limitations for disclosure violations "from the date of the occurrence of the violation." 15 U.S.C. §1640(e). Plaintiff admits that the loan was made on October 12, 2006. Accordingly, the statute of limitations expired in October 2007. Plaintiffs did not file the complaint until June 2010. Accordingly, their claims of TILA disclosure violations should be dismissed.

With respect to a rescission claim under TILA, the right only exists for three days after delivery of the required disclosures and rescission notice. *See* 15 U.S.C. §1635(a). The Blackhams signed and acknowledged receipt of the Notice and TILA Disclosure on October 12, 2006. Accordingly, any rescission right expired in October 2006.

In any event, the statute of repose for a rescission claim under TILA is three years from the closing of the loan, <u>even if the lender violates every disclosure requirement of the Act</u>. *See* 15 U.S.C. §1635(a). Section 1635(f) of TILA states:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor…

The United States Supreme Court has held that "section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period." *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 412, 118 S.Ct. 1408 (1998).  Other federal courts that have looked at the issue describe §1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

Plaintiffs admit that the loan was made on October 12, 2006.  Accordingly, any rescission right expired at the latest on October 13, 2009, even assuming all of their allegations of TILA violations are true.  This lawsuit was not filed until June 2010, and is therefore untimely.  Plaintiff's rescission claims under TILA should therefore be dismissed on this basis as well.

Moreover, the Blackhams have failed to allege any specific facts showing what was allegedly not disclosed properly, and their allegations are so sparse that it is impossible to indentify the conduct of which he is complaining.  Accordingly, these claims are both implausible and insufficient and should be dismissed on this basis as well.

II.     **The Blackhams' RESPA Claim is Barred by the Statute of Limitations.**

The Blackhams allege that Defendants violated Section 2607 of RESPA.  However, violations of Section 2607 have a one year statute of limitations.  *See* 12 U.S.C. § 2614.  Plaintiff's complaint was not filed within one year of the closing of the loan.  Therefore, the Blackhams' RESPA claim must be dismissed.

Moreover, the Blackhams have failed to allege any specific facts showing what was allegedly charged improperly, and their allegations are so sparse that it is impossible to indentify

the conduct of which they are complaining.  Accordingly, these claims are both implausible and insufficient and should be dismissed on this basis as well.

### III. The Blackhams' Quiet Title and Refund Claims Fail as the Trust Deed is Valid and Enforceable and the Blackhams are in Default.

The Blackhams' pleadings are unclear and it is difficult to understand their claims.  They appear to be arguing that a mere transfer of a secured note immediately invalidates the trust deed.  There is no authority to support this proposition, and in fact both chapter 57 of the Utah Code (governing conveyances of real property and their recording) and the Utah Uniform Commercial Code mandate the opposite result. Utah law and the uniform contracts at issue are designed to allow transfers of the Notes without affecting the debtor's ability to continue to deal with the same servicer and trustee.  This format benefits both parties to the contract.

   *1. The Note is Enforceable and Is in Default.*

The Note is enforceable.  Plaintiffs have failed to allege any legitimate basis to render it unenforceable.  Plaintiffs' only argument is that a mere transfer renders a note invalid.  This is without merit.  Promissory notes issued to purchase real estate, like the Note, are generally negotiable instruments subject to Chapter 3 of the Utah Uniform Commercial Code.  *See* Utah Code Ann. §70A-3-104.  Mere transfer of the Note has no impact on its validity and enforceability.  The Note, signed by the Blackhams, states that "I understand that Lender may transfer this Note."  [Note.]  Indeed, facilitating the negotiation and transfer of negotiable instruments is the purpose of chapter 3 of the UCC, and the UCC specifically provides that transfer of the Note "vests in the transferee any right of the transferor to enforce the instrument…" Utah Code Ann. §70A-3-203(2).  There is no authority that the purpose of a transfer (whether for "securitization," "pooling," or otherwise) causes any different result.

There has at all times been a Servicer of the Note authorized to act as the agent of the Lender <u>and its successors and assigns</u> to collect note payments and enforce the Note. The Blackhams admit that a Servicer was designated as the servicer of the Note. [Complaint ¶14.] Once designated, a Servicer is entitled to collect the Note until another Servicer was designated. Pursuant to the Trust Deed the Blackhams have at all relevant times been obligated and authorized to make payments on the Note to the Servicer, regardless of any transfers:

> 20. Sale of Note; Change of Loan Servicer, Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. **If the Note is sold** and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, **the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer** or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Trust Deed §20 (emphasis added). As the Trust Deed notes, the Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq., hereafter "RESPA") also states that a servicer is not replaced until notice is given of such a substitution. *See* 12 U.S.C. §2605 (RESPA provision relating to servicing changes).

Plaintiffs' assertion that a transfer had any effect on the servicing and enforcement of the Note (or that there was any impediment to the payment and discharge of the Note) is directly contrary to the terms of the agreements and controlling law. The Servicer was at all relevant

times authorized to collect Note payments and enforce the Note for the Lender, including declaring a default.

Finally, the Blackhams are indisputably in default under the Note. Plaintiffs fail to raise any legitimate argument that they are not, and no facts exist to support such a defense. The Blackhams does not deny, and cannot deny, that they have failed to make required payments under the Note per its terms. That is a default under the Note. *See* Note §7 ("If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.") Instead, the Blackhams make various irrelevant assertions regarding insurance, credit swaps and payments made pursuant to note transfers. None of these are remotely relevant to the default question, which is simply whether the Blackhams have paid their obligation under the Note. They have not, and are in default.

  2. *The Trust Deed is Enforceable Against the Property.*

The validity, enforceability and effect of the Trust Deed are governed by Utah law, specifically Utah Code §§ 57-1-19 *et seq*.[1] The statute explains the purpose and effect of a trust deed:

> Transfers in trust of real property may be made to secure the performance of an obligation of the trustor or any other person named in the trust deed to a beneficiary. All right, title, interest and claim in and to the trust property acquired by the trustor, or the trustor's successors in interest, subsequent to the execution of the trust deed, shall inure to the trustee as security for the obligation or obligations for which the trust property is conveyed as if acquired before execution of the trust deed.

---

[1] Plaintiff's allegation that Chapter 9a of the UCC applies to the Trust Deed or assignments of the Trust Deed is incorrect. The UCC specifically does not apply to "interest[s] in or lien[s] on real property" such as mortgages and trust deeds. Utah Code Ann. §70A-9a-109(4)(k).

342464_1.DOC                                      8

Utah Code Ann §57-1-20. Transfer of the underlying obligation does not "sever" the security from the debt as Plaintiffs suggest. Rather, by law the security automatically follows the debt. Utah Code §57-1-35 states that:

> The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor.

Plaintiffs' argument that the Trust Deed has somehow been nullified by transfer of the debt is without merit, and Plaintiffs have not raised any other challenge to the validity of the Trust Deed. Plaintiffs simply have no legal claim to void the Trust Deed or attempt to quiet title as against the Trust Deed.

   3. ***MERS Has At All Relevant Times Been Entitled to Act as Beneficiary Under the Trust Deed.***

Embedded in the Blackhams' "quiet title" claim appears to be a challenge to MERS status as beneficiary as nominee for the Lender and its successors and assigns, which claim fails as a matter of law. Under the plain terms of the Trust Deed, which the Blackhams signed, MERS was appointed as the beneficiary and nominee for the Lender <u>and its successors and assigns</u> and granted the power to act in their stead, including appointing successor trustees and instituting foreclosure:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS….
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Trust Deed pgs. 2-3 . MERS' power to act for the Lender was addressed by this Court in *Burnett v. Mortgage Electronic Registration Systems, Inc.,* Case 1:09cv00069 (D. UT October 26, 2009). In *Burnett* this Court found under the terms of the Deed of Trust, MERS is able to take any actions required of the lender, including the ability to initiate foreclosure proceedings.

### IV.     No Defendant Owes Any Fiduciary Duty to the Blackhams

The Blackhams' breach of fiduciary duty claim fails as the Defendants were not fiduciaries as to the Blackhams. A fiduciary relationship "'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" *City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, ¶41, 656 Utah Adv. Rep. 37. There is nothing in the Complaint to suggest that any of the Defendants agreed to act on the Blackhams' behalf. Moreover, a fiduciary relationship does not arise where the parties have opposing interests and are dealing with one another at arms length. See *First Sec. Bank N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1334 (Utah 1990). Because Plaintiffs' allegations fail to establish a fiduciary relationship, this claim should be dismissed.

### V.     The Blackhams' Estoppel Claim is Nonsensical.

Plaintiffs' first claim, styled as "Estoppel/Declaratory Judgment" simply defies logic. Plaintiffs are apparently claiming equitable estoppel, but the allegations do not link in any way to the requested relief, and the Complaint simply fails to allege the elements of equitable estoppel. The Utah Supreme Court has recently described the requirements and purpose of equitable estoppel in detail:

> Our caselaw requires proof of three elements for equitable estoppel: first, "a statement, admission, act, or failure to act by one party inconsistent with a claim

> later asserted"; next, "reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act or failure to act"; and, third, "injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act."
>
> Moreover, "[a]s a general rule, absent circumstances where application of promissory estoppel is appropriate, 'a representation or assurance, in order to furnish the basis of an estoppel, must relate to some present or past fact or state of things, as distinguished from mere promises or statements as to the future.'" We typically only apply equitable estoppel to circumstances involving misrepresentations of past or present fact, along with the other necessary factors. Equitable estoppel reflects circumstances where it is not fair for a party to represent facts to be one way to get the other to agree, and then change positions later to the other's detriment.

*Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶¶14-15, 158 P.3d 1088.  The allegations do not identify any statement of fact made by a servicer of the loan that is inconsistent with the current position.  Nor is there any allegation that the Plaintiffs acted in reliance on any statement of the Servicer, let alone one that is now rendered "inconsistent."  This claim fails to allege anything actionable as an "estoppel" and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Motion should be granted and the Complaint should be dismissed with prejudice.  The defects in the Blackhams' claims are incurable, and no further amendment will transform them into claims under which they can proceed.  Consequently, Defendants respectfully request this Court to dismiss all claims against them, with prejudice and without leave for Plaintiffs to amend.

RESPECTFULLY SUBMITTED this 6th day of July, 2010.

          PARR BROWN GEE & LOVELESS, P.C.

          By: /s/ Michael D. Black
            Michael D. Black
            Attorneys for Defendants Bank of America
            and MERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July, 2010, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Jeremy Rogers, Esq.
4516 South 550 East
Murray, UT  84107

/s/Michael D. Black